IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, § § Plaintiff, § § vs. § § § ALABAMA EMERGENCY ROOM § ADMINISTRATIVE SERVICES, P.C., § § Defendant. § | CIVIL ACTION NO.: 2:07-CV-221-WHA |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW Continental Casualty Company ("Continental Casualty") and files this Petition for Declaratory Judgment, alleging as follows:

1. This action for declaratory relief is brought to determine the rights, duties, status, and legal relations of the parties under the insurance policy described below.

2. Plaintiff Continental Casualty seeks to invoke this Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. Section 1332. As discussed below, Plaintiff is diverse from Defendant and the amount in controversy exceeds $75,000.

3. Continental Casualty Company is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

4. Upon information and belief, Defendant Alabama Emergency Room Administrative Services, P.C. (hereinafter "AERAS") is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Pike Road, Alabama.

5.      Venue in this District is proper, pursuant to 28 U.S.C. Section 1391(a)(2), as a substantial part of the events, acts, or omissions giving rise to the asserted claims took place in this District.

6.      AERAS applied for an assigned risk workers' compensation policy provided through the assigned risk plan that is administered by the National Council on Compensation Insurance ("NCCI").

7.      NCCI assigned the risk to Continental Casualty, which issued a workers' compensation insurance policy to Defendant Alabama Emergency Room Administrative Services, policy number 6BS59UB-7603B64-6-05, for the policy period of May 3, 2005 to May 3, 2006.[1] A certified copy of the policy is attached as Exhibit "A."

8.      In its application for workers' compensation coverage, AERAS represented that it had only 7 persons engaged as "Hospital: Professional Employees," which could make Continental Casualty liable under the Workers Compensation Insurance of the policy. Based on the information provided by AERAS in its application, Continental Casualty estimated the premium at $21,271, which AERAS paid.

9.      The Continental Casualty policy, in pertinent part, provides:

**PART FIVE – PREMIUM**

. . . .

**B.      Classifications**
Item 4 of the Information Page shows the rate and premium basis for certain business or work classifications. These classifications were assigned based

---

[1] The policy issued to AERAS was ultimately canceled and coverage expired effective March 13, 2006.

on an estimate of the exposures you would have during the policy period. If your actual exposures are not properly described by those classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

C. **Remuneration**
Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. <u>This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:</u>
1. All your officers and employees engaged in work covered by this policy; and
2. <u>All other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy.</u> If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

. . . .

E. **Final Premium**
The premium shown on the Information Page, schedules, and endorsements is an estimate. <u>The final premium will be determined after this policy ends by using the actual, not the estimate, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance.</u> If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy. . . .

. . . .

G. **Audit**
You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. <u>We may conduct the audits</u> during regular business hours during the policy period and <u>within three years after the policy period ends.</u> Information developed by audit will be used to determine final premium.
. . .

3

Workers Compensation and Employers Liability Insurance Policy, Part Five – Premium, p. 4 of 5 (bold in original, underline added).

10. Pursuant to the terms of the policy, Continental Casualty conducted a preliminary audit on July 5, 2005. On or about May 4, 2006, Continental Casualty conducted the final premium audit. During the course of its audits, and in communications with AERAS, Continental Casualty discovered that AERAS had thirteen additional physicians who qualified as "persons engaged in work that could make [Continental Casualty] liable" under the Workers Compensation Insurance portion of the policy.

11. The addition and reclassification of these physicians as persons engaged in work that could make Continental Casualty liable for payment of Workers Compensation benefits under the policy substantially increased the basis upon which the initial premium for the policy had been assessed.

12. Pursuant to the terms of the policy, Continental Casualty assessed the final premium for the policy to be $151,573. On May 10, 2006, Continental Casualty issued a premium adjustment notice, advising AERAS that the balance due under the terms of the policy was $130,302. On June 12, 2006, Continental Casualty issued a bill for the balance due under the policy.

13. The final audit of the policy was subsequently revised on January 26, 2007, and Continental Casualty assessed the policy as having an earned premium of $151,782, which slightly changes the balance due to $130,511.

14. AERAS has failed and/or refused to remit payment for the balance due in violation of the terms of the policy.

15. A bona fide controversy exists between the parties as to their legal rights, status, and liabilities pursuant to the Continental Casualty policy.

16. Continental Casualty hereby offers to do equity.

WHEREFORE, PREMISES CONSIDERED, Continental Casualty requests the following relief:

    a. That this Court will take jurisdiction of this Petition;

    b. That this Court will ORDER, ADJUDGE, and DECREE that this is a proper case for declaratory judgment relief and that there is a bona fide controversy between the parties as to their legal rights, status, and liabilities;

    c. That the process of this Court be issued to the defendant as provided by law and the rules of this Court and that the defendant be ordered to respond to this Petition for Declaratory Judgment within the time prescribed by law or in the event of failure to do so, suffer a decree pro confesso;

    d. That upon final hearing of this cause, this Honorable Court will declare the rights, status, and legal relations of Continental Casualty and AERAS under said policy of insurance issued by Continental Casualty and order AERAS to pay any amounts due under the policy, including any outstanding premium amounts;

e. That if Continental Casualty is mistaken in any special relief herein prayed for, then it prays for such other, further, or more general relief to which it may be entitled in the premises.

Respectfully submitted,

*Candace Hudson*
Brenen G. Ely (0366-E54B)
Joel S. Isenberg (8855-N76J)
Candace L. Hudson (8314-N66H)
Attorneys for Plaintiff Continental Casualty Company

**OF COUNSEL:**
ELY & ISENBERG, L.L.C.
600 Beacon Parkway West, Suite 104
Birmingham, Alabama 35209
Telephone:   (205) 313-1200
Facsimile:    (205) 313-1201
bely@elylawllc.com
jisenberg@elylawllc.com
chudson@elylawllc.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**

Alabama Emergency Room Administrative Services, P.C.
c/o Edward B. Parker, II
407 South McDonough Street
Montgomery, Alabama 36104