**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **CONTINENTAL CASUALTY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:   2:07cv221-WHA** |
| | ) | |
| **ALABAMA EMERGENCY ROOM** | ) | |
| **ADMINISTRATIVE SERVICES, P.C.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

COMES NOW the defendant, Alabama Emergency Room Administrative Services, P.C., and responds to plaintiff's Complaint (Doc. 1) filed herein as follows:

1.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 1 of plaintiff's Complaint filed herein and demands strict proof thereof.

2.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 2 of plaintiff's Complaint filed herein and demands strict proof thereof.

3.      The defendant, Alabama Emergency Room Administrative Services, P.C., does not have sufficient information to either admit or deny that contained in paragraph 3 of plaintiff's Complaint filed herein.

4.      The defendant, Alabama Emergency Room Administrative Services, P.C., admits that contained in paragraph 4 of plaintiff's Complaint filed herein.

5.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 5 of plaintiff's Complaint filed herein and demands strict proof thereof.

6.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 6 of plaintiff's Complaint filed herein and demands strict proof thereof.

7.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 7 of plaintiff's Complaint filed herein and demands strict proof thereof.

8.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 8 of plaintiff's Complaint filed herein and demands strict proof thereof.

9.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 9 of plaintiff's Complaint filed herein and demands strict proof thereof.

10.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 10 of plaintiff's Complaint filed herein and demands strict proof thereof.

11.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 11 of plaintiff's Complaint filed herein and demands strict proof thereof.

12.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 12 of plaintiff's Complaint filed herein and demands strict proof thereof.

13.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 13 of plaintiff's Complaint filed herein and demands strict proof thereof.

14.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 14 of plaintiff's Complaint filed herein and demands strict proof thereof.

15.      The defendant, Alabama Emergency Room Administrative Services, P.C.,  denies that contained in paragraph 15 of plaintiff's Complaint filed herein and demands strict proof thereof.

16.      The defendant, Alabama Emergency Room Administrative Services, P.C., admits that contained in paragraph 16 of plaintiff's Complaint filed herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations by the plaintiff are not alleged with sufficient particularity and its claims are due to be dismissed.

### SECOND DEFENSE

Defendant avers the failure of the plaintiff to mitigate the plaintiff's alleged damages.

### THIRD DEFENSE

Insofar as the plaintiff is seeking damages for alleged mental anguish, absent a showing of actual physical injury or physical manifestation of mental anguish or emotional distress, the plaintiff is not entitled to recover damages for such alleged mental anguish unless the plaintiff produces evidence proving that the alleged mental anguish was so severe that an ordinary person would not be expected to endure it. In addition, in that the plaintiff is a corporation, any claim for such damages would be improper.

### FOURTH DEFENSE

Any claims of plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount that a jury may impose, would violate the defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### FIFTH DEFENSE

Any claims of plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not

instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate this plaintiff/counter-defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## SIXTH DEFENSE

Any claims of plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this defendant's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the due process provisions of the Alabama Constitution.

## SEVENTH DEFENSE

Any award of punitive damages based on anything other than the conduct of defendant in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because

any other judgment for punitive damages in this case cannot protect the defendant against impermissible multiple punishment for the same wrong.

## EIGHTH DEFENSE

Any award of punitive damages in this case would violate the rights of defendant under the substantive and procedural due process clauses of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment of the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

## NINTH DEFENSE

The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Although the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1991), events subsequent to *Haslip* have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See *Armstrong v. Roger's Outdoor Sports, Inc.*, 581 So.2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); *Henderson v. Alabama Power Co.*, 627 So.2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. See *Honda Motor Co. Ltd. v. Oberg*, 114 S.Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

**TENTH DEFENSE**

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards of limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

**ELEVENTH DEFENSE**

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and unconstitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational.  A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to defendant's alleged conduct in this matter or to any alleged harm to plaintiff, and will dwarf legislatively established fines for comparable conduct.  A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, § 15.

**TWELFTH DEFENSE**

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, Code of Alabama regarding punitive damages awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

**THIRTEENTH DEFENSE**

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because juries are given no rule, standard or guidelines upon which to rely in calculating mental anguish damage awards.

**FOURTEENTH DEFENSE**

The award of punitive damages claimed by plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a)    That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b)    That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)    That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d)    That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants.

(e)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f)     That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h)     That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(i)     That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j)     That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k)     That standards of conduct upon which punitive damages are awarded are vague.

(l)     That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n)     That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o)     That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

## FIFTEENTH DEFENSE

Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

## SIXTEENTH DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

## SEVENTEENTH DEFENSE

Under the constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision.  See *Honda Motor Company, Ltd. v. Oberg,* 114 S.Ct. 2331 (1994).

## EIGHTEENTH DEFENSE

To the extent that plaintiff's demands for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against plaintiff/counter-defendant, this award contravenes defendant's rights to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon defendant's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

## NINETEENTH DEFENSE

With respect to the plaintiff's demands for punitive damages, defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards as articulated in the decision of *BMW North American,*

*Inc. v. Gore,* 646 So.2d. 619 (Ala. 1984), judgment vacated, 517 U.S.559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), on remand, 701 So.2d 507 (Ala. 1997).

## TWENTIETH DEFENSE

Defendant contends that the plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States.  Further, any award of punitive damages to the plaintiff is limited to the standards set out in  *BMW North American, Inc. v. Gore,* 646 So.2d. 619 (Ala. 1984), judgment vacated, 517 U.S.559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), on remand, 701 So.2d 507 (Ala. 1997).

## TWENTY FIRST DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by plaintiff in this lawsuit, constitute a violation of the due process clause of the Constitution of the United States, under the authority of  *BMW North American, Inc. v. Gore,* 646 So.2d. 619 (Ala. 1984), judgment vacated, 517 U.S.559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), on remand, 701 So.2d 507 (Ala. 1997).  The allegations made by the plaintiff in this action, and the plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to the defendant so as to deprive it of due process of law.

## TWENTY SECOND DEFENSE

Plaintiffs' Complaint and each count therein, fails to state a claim upon which relief can be granted.

## TWENTY THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

**TWENTY FOURTH DEFENSE**

To the extent plaintiffs have suffered any damages, such damages were caused by and were

the responsibility of persons, parties, and/or entities other than this defendant.

**TWENTY FIFTH DEFENSE**

Jurisdiction and venue are improper.

**TWENTY SIXTH DEFENSE**

The amount in controversy does not exceed $75000.

**TWENTY SEVENTH DEFENSE**

There is no diversity of citizenship of the parties so as to invoke federal jurisdiction over this

matter.

Respectfully submitted this the 11th day of April, 2007.


　　　　　／s／　 Michael J. Cohan
MICHAEL J. COHAN  (ASB-6887-A56M)
Attorney for Defendant,
Alabama Emergency Room Administrative
Services, P.C.


OF COUNSEL:

HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
425 SOUTH PERRY STREET (36104)
POST OFFICE BOX 116
MONTGOMERY, ALABAMA 36101-0116
(334) 834-7600
(334) 832-7419 [facsimile]
mcohan@hillhillcarter.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all parties by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via: email this the 11th day of April, 2007.

Brenen G. Ely, Esq.
Joel S. Isenberg, Esq.
Candace L. Hudson, Esq.
Ely & Isenberg, LLC
600 Beacon Parkway West
Suite 104
Birmingham, Alabama 35209


        /s/   Michael J. Cohan
        MICHAEL J. COHAN  (ASB-6887-A56M)