**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **CONTINENTAL CASUALTY COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.:   2:07cv221-WHA** |
| ) | |
| **ALABAMA EMERGENCY ROOM** ) | |
| **ADMINISTRATIVE SERVICES, P.C.** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

Upon consideration of the joint motion for protective order (Doc. # 18), filed September 28, 2007, and for good cause, it is

ORDERED that the motion be and hereby is GRANTED as follows:

Compliance with discovery in this case will involve review of confidential information of Defendant and non-parties to this action, as well as commercially sensitive, confidential, and private business and personal information. In order to protect the legitimate privacy and proprietary interests of the Defendant and non-parties, as well as to provide Plaintiff and counsel certain documents potentially relevant to the subject matter of this action, the parties agree to the following:

   a.   "Confidential Information" shall include documents, files, and manuals maintained by Defendant, Alabama Emergency Room Administrative Services, P.C. ("AERAS") containing any commercially and/or personally sensitive information concerning AERAS's business, its employees and/or its contractors and/or entities and individuals with whom Defendant does business. "Confidential Information" includes but is not limited to all portions and sections of AERAS's internal corporate files and/or any files in the possession and control of AERAS.

b. Access to these protected materials shall be limited solely to the Plaintiff, the Defendants, their attorneys of record, the support and clerical personnel of those attorneys, and their expert witness(es), if any. All those who see the confidential information, with the exception of counsel, shall sign a statement that they have read this Order, understand it, and agree to keep confidential any material seen.

c. Any information designated as Confidential Information under this Order shall, if and when filed with the Court, be clearly marked "Confidential."

d. Any documents, exhibits or other materials (or portions thereof) which are to be designated as Confidential Information pursuant to the terms hereof shall be marked on the front page of a multi-page document and on each applicable single page document with a stamp or written statement clearly indicating that it is regarded as containing Confidential Information; or as to voluminous productions, they may be marked in any manner agreeable to all counsel that will assure that the documents can be clearly identified as Confidential Information. A stamp or clearly printed statement in the form as follows shall be regarded as sufficient classification:

"CONFIDENTIAL"

Further, where the Confidential Information is in such a form that such a stamp or mark cannot be reasonably placed thereon, then such information shall be designated Confidential Information in such a manner as is reasonable under the circumstances.

a. Nothing in this Order shall prevent disclosure beyond the terms of this Agreement if AERAS consents in writing to such disclosure or if the Court, after notice to all affected parties, orders such disclosure. This Agreement shall not limit AERAS's

right to use its own Confidential Information in any manner it chooses. Nor shall this Agreement regulate the manner of receipt of any evidence at trial or the use of documents in the taking of depositions. AERAS may, however, move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded such information at trial or hearing, including the filing of such information under seal. The purpose of this provision is to prevent the unnecessary disclosure of Confidential Information resulting from such documents being filed and becoming part of the public record.

a. AERAS's or the plaintiff's inadvertent or unintentional disclosure of any Confidential Information shall not be construed to be a waiver, in whole or in part, of AERAS's claims of confidentiality, either as to the specific Confidential Information disclosed or as to other related information.

g. The provisions of this Order shall not affect the admissibility of evidence at trial, before the grand jury, or at any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown, and this Order shall not be construed as a waiver by any party of any objection that might be raised as to the discoverability or admissibility at trial of any document, information or testimony.

h. Within thirty days after final verdict and the conclusion of all appeals, if any, Defendants and his counsel shall return all Confidential Information (including all

        copies and/or summaries thereof) to AERAS.

i.      Either party or affected non-party may at any time seek modification, revision, clarification, or termination of this Order.

DONE, this 11th day of October, 2007.

                              /s/ Susan Russ Walker
                              SUSAN RUSS WALKER
                              UNITED STATES MAGISTRATE JUDGE