**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **CONTINENTAL CASUALTY COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.:** |
| **vs.** | § | |
| | § | **2:07-CV-221-WHA** |
| | § | |
| **ALABAMA EMERGENCY ROOM** | § | |
| **ADMINISTRATIVE SERVICES, P.C.,** | § | |
| | § | |
| **Defendant.** | § | |

**CONTINENTAL CASUALTY'S REPLY TO
AERAS'S RESPONSE TO MOTION TO COMPEL**

**COMES NOW** Plaintiff Continental Casualty Company, and replies to Defendant Alabama

Emergency Room Administrative Services, P.C.'s ("AERAS") Response to the Motion to Compel

as follows:

**A.    AERAS's Failure to Timely Assert Any Objection to the Outstanding Discovery
       Constitutes Waiver of the Objections.**

Federal Rules of Civil Procedure 33 and 34, as well as controlling federal case law, are clear

– AERAS's failure to timely assert any objection to the outstanding interrogatories and document

requests results in waiver. See Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 529 (E.D.

Pa. 1999)(citations omitted); see also Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 617 (5th Cir.

1977); IMA North America, Inc. v. Marlyn Nutraceuticals, Inc., 2007 WL 2391099 at *3 (D. Ariz.

2007).

AERAS contends that Continental Casualty's agreement to a Protective Order somehow

"preserved" its right to assert the objections two to three months after a response was required.

However, "an agreement among the parties to wait for responses beyond the 30-day period is not

considered a stay or an extension of time for filing objections." Coregis Ins. Co.v . Baratta & Fenerty, Ltd., 187 F.R.D. 528, 530 (E.D. Pa. 1999)(citing Davis v. Romney, 53 F.R.D. 247, 248 (E.D. Pa. 1971)). Moreover, although Continental Casualty agreed to the language of a Protective Order, at no time did AERAS seek, nor did Continental Casualty agree to permit, the extension of the time within which AERAS was required assert its objections to the discovery. [See Exhibits B, C, E, and F to Doc. 22; see also Exhibits A, B, C, D, and E to Doc. 24]. Rather, Continental Casualty agreed to the delay in production of some documents in an effort to permit AERAS an opportunity to protect the confidentiality of documents, which AERAS contended contained private information. AERAS's failure to timely assert its objections to each interrogatory and document request cannot be forgiven based on the conversations regarding the production of some records that AERAS believed contain sensitive information.

AERAS was under an independent duty to timely assert objections to those interrogatories and requests that it believed requested information protected from disclosure, and its failure to timely assert any objection to the specific interrogatories and document requests constitutes a waiver of those objections. Accordingly, AERAS should be required to provide full and complete responses to the interrogatories and document requests at issue here.

**B.     Even if This Court Finds That AERAS Has Not Waived its Objections, AERAS Failed To Present Any Evidence or Information Upon Which the Objections Could Be Properly Sustained.**

With respect to each Interrogatory and/or Request for Production that serves as the basis of the Motion to Compel, AERAS contends that the interrogatories and/or requests are vague, overly broad, and/or unduly burdensome. However, even if this Court finds that AERAS's failure to timely assert its objections do not result in the waiver of same, AERAS failed to provide this Court with

sufficient information and/or evidence upon which the objections could be sustained.  To prevail on

such broad objections under the Federal Rules of Civil Procedure,

> the objecting party must do more than "simply intone [the] familiar
> litany that the interrogatories are burdensome, oppressive or overly
> broad."  The objecting party bears the burden of demonstrating
> "specifically how, despite the broad and liberal construction afforded
> the federal discovery rules, each [request] is not relevant or how each
> question is overly broad, [unduly] burdensome or oppressive by
> submitting affidavits or offering evidence revealing the nature of the
> burden."

Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 167 (D. Conn. 2005)(citations

omitted).  AERAS has submitted *no evidence* in support of its argument as to these objections.

Rather, it appears that AERAS's objections are based on its *opinion* that the interrogatory and/or

request is "not limited in scope or time,"[1] that the interrogatory or request is "clearly vague,"[2] or is

"without question over broad."[3]

AERAS has made no effort to specify how each request is objectionable or to describe the

nature of the burden placed upon it in responding to each.  Even if this were not the case, AERAS

cannot withhold the requested information on the basis because the requests seek discoverable

information to which no timely objection was asserted and to which no other applicable privilege

or immunity applies.

---

[1]See AERAS's responses to argument regarding Interrogatories 17, 29, 30, 33, and Request
for Production 24. [Doc. 24, pp. 4-6 of 9].

[2]See AERAS's response to argument regarding Interrogatory 36. [Doc. 24, p. 6 of 9].

[3]See AERAS's response to argument regarding Requests for Production 17, 19, and 20. [Doc.
24, p. 6 of 9].

AERAS has made no showing of how the interrogatories and/or requests are overly broad, how responding to each would be unduly burdensome, or how the interrogatories and/or requests are vague. Because AERAS has failed to provide any evidence explaining its objections, it has left both this Court and Continental Casualty to guess as to the nature of the burden that has allegedly been created by the interrogatories and/or requests. Accordingly, the objections are due to be overruled and AERAS should be required to immediately provide the requested information and/or documents.

**C.     AERAS's Withdrawal of Its Objections On the Basis of Privilege.**

In addition to claiming that many of the interrogatories and/or document requests are overly broad, unduly burdensome, or vague, AERAS contended that the interrogatories and/or requests sought "privileged information." [See Exhibits D and G to Doc. 22]. However, in its most recent response, AERAS withdraws its objections that were asserted with respect to privilege and trade secret. [See Doc. 24, p. 4 of 9, n. 2]. Based on AERAS's representation, it is Continental Casualty's understanding that all documents that would have been otherwise protected by the attorney-client and/or attorney work-product privileges have been produced. Thus, there is now no need for a privilege log such as was previously requested by Continental Casualty. Accordingly, Continental Casualty hereby withdraws its request for same. [See Doc. 22, p. 8].

**D.     Specific Reply to AERAS's Position With Respect to the Enumerated Interrogatories and Requests for Production.**

**Continental Casualty's Interrogatory 15**

In its Response, AERAS erroneously contends that the only basis upon which Continental Casualty seeks to compel a full and complete response to this interrogatory is that AERAS failed to timely assert its objections. However, Continental Casualty asserted not only the untimeliness of

AERAS's objections, but also its failure to adequately state the reasons for the objections it asserted. Although AERAS objected to this interrogatory on the basis that it was vague and overly broad, it failed to present this Court any evidence upon which these objections could be sustained. <u>See</u> Section B., supra. Due to their untimeliness, AERAS has waived its objections. Further, even if this Court finds that AERAS has not waived its objections, AERAS failed to support its objections with the information required under the Federal Rules of Civil Procedure. Therefore, the objections should be overruled.

AERAS further contends that the fact that Continental Casualty has used other discovery tools to obtain information from non-parties somehow relieves AERAS from its obligation to respond to the interrogatory. However, Federal Rule of Civil Procedure 33(b)(3) unequivocally states that "[e]ach interrogatory must, to the extend it is not objected to, be answered separately and fully in writing under oath." The Federal Rules place an affirmative duty on AERAS to provide a written answer or objection to this interrogatory, and this duty is not alleviated or changed simply because Continental Casualty made independent efforts to obtain additional discoverable information from third parties.

Because AERAS's objections were untimely and/or lacked sufficient evidence or information upon which they could be sustained, Continental Casualty respectfully requests that AERAS be compelled to immediately provide a full and complete response to Interrogatory 15.

### <u>Continental Casualty's Interrogatory 17</u>

As with the previous interrogatory, AERAS contends that the only basis for Continental Casualty's argument on this particular interrogatory was the untimeliness of AERAS's objections. AERAS overlooks the fact that Continental Casualty also contends that AERAS objections were

improper and insufficient to provide a basis upon which AERAS's objections could be sustained. With respect to AERAS's objection that the interrogatory is vague and overly broad, it has provided no evidence to support its objection. Rather, AERAS simply states that the interrogatory is "not limited in scope or time." AERAS has provided insufficient information and/or evidence upon which its objections that the interrogatory is vague or overly broad could be sustained. See Section B., supra.

AERAS also asserts that the interrogatory seeks information that is not relevant or likely to lead to discoverable information and, therefore, AERAS contends that the interrogatory is "clearly meant to harass and burden Defendant." As stated in Continental Casualty's Motion to Compel, this interrogatory seeks information regarding prior lawsuits to which AERAS may have been a party, *including those actions for recovery of workers' compensation premiums*. See Doc. 22, p. 10. Despite AERAS's contentions as to Continental Casualty's "intent" in requesting this information, the interrogatory seeks information that may demonstrate AERAS's knowledge and understanding that the physicians would likely be considered employees by workers' compensation insurance carriers. Thus, the interrogatory seeks relevant information to which no applicable objection was timely or properly stated. Accordingly, Continental Casualty stands by the interrogatory as posed.

However, should the Court determine that the interrogatory is too broad, Continental Casualty contends that it is entitled, at a minimum, to discover information regarding any other lawsuit, claim, or dispute to which AERAS has been a party regarding premiums due on workers' compensation insurance or calculation of workers' compensation insurance premiums.

**<u>Continental Casualty's Interrogatory 23</u>**

While it is true that AERAS's objections were untimely asserted and should be deemed waived,[4] Continental Casualty also asserts that AERAS's objections are improper and provide insufficient information upon which they can be sustained.[5]  The only information that AERAS provides regarding its assertion that the interrogatory is "clearly overly broad," is its statement that the request seeks "detailed training information regarding all of Defendant's employees, workers," subcontractors, and independent contractors.  Based on the information that AERAS did provide, it appears that AERAS has less than 30 individuals that it considers "employees."  Therefore, it is unclear how production of the requested information would be unduly burdensome.  AERAS's statements are insufficient to establish that the interrogatory is overly broad.  <u>See</u> <u>Ruran v. Beth El Temple of West Hartford, Inc.</u>, 226 F.R.D. 165, 167 (D. Conn. 2005)(citations omitted).

While AERAS is correct that the issue in this matter is the status of certain physicians, Continental Casualty is entitled to discover information that might demonstrate the similarity in how AERAS's other employees, workers, subcontractors, and/or independent contractors are trained or treated.  Because Interrogatory 23 seeks discoverable information to which no timely or sufficient objection was asserted, the interrogatory is due to be answered.

Moreover, despite Continental Casualty's repeated attempts to gain this information, AERAS has continually refused to provide ANY answer or response to Interrogatory 23.[6]  Only when the Motion to Compel was filed did AERAS provide information purporting to respond to the

---

[4]<u>See</u> Doc. 22, pp. 5-6, 10; <u>see</u> <u>also</u>, Section A., supra.

[5]<u>See</u> Doc. 22, pp. 6-7, 10; <u>see</u> <u>also</u>, Section B., supra.

[6]<u>See</u> Exhibits H and I to Doc. 22.

interrogatory.  In its Response, AERAS stated that the requested information with respect to the physicians alone was produced.  However, the response is still incomplete and AERAS should be compelled to provide a full, complete, and sworn response to the interrogatory, through the supplementation of its previous Response to Interrogatories.

### Continental Casualty's Interrogatories 29 and 30

Although these interrogatories seek relevant and discoverable information, AERAS stands by the untimely objections it asserted and contends that the interrogatories are vague, overly broad, and not calculated to lead to discoverable information.  As with each of AERAS's foregoing responses, AERAS fails to provide this Court with a sufficient basis upon which it can sustain AERAS's objections that the interrogatories are vague or overly broad.  The only information that AERAS provides is its barren statement that the interrogatories are "not limited in scope or time."  This is insufficient to establish either that the interrogatories are vague or that they are overly broad.[7]  Thus, AERAS's objections should be overruled.

AERAS further contends that these interrogatories seek only to "harass and burden Defendant" in that they request information regarding AERAS's employees and other non-physicians.  However, the interrogatories seek information relevant to the central issue in this case, which is whether its physicians were, in fact, treated as employees of AERAS and not independent contractors, as AERAS alleges.  The interrogatories seek to discover information that might demonstrate whether and to what extent AERAS's employees and workers were treated similar to the physicians that AERAS contends are independent contractors.  Thus, the interrogatories seek relevant information to which no proper or timely objection has been asserted.

---

[7]See Doc. 22, pp. 6-7, 11; see also Section B., supra.

Prior to the filing of the instant Motion, AERAS continued to stand by its objections and refused to provide a written, sworn response to these interrogatories. However, it has now stated that the requested information was provided and refers to 233 documents that AERAS contends provide the requested information. A review of these documents, however, does not provide a definitive answer to the interrogatories. Because the requested information cannot be easily ascertained by reviewing the documents and would require Continental Casualty to make inferences and presumptions as to the facts sought. AERAS's reference to the documents is an incomplete response. Accordingly, Continental Casualty respectfully requests that this Honorable Court compel AERAS to supplement its previous Response to Interrogatories and provide full, complete, and sworn responses to Interrogatories 29 and 30.

**Continental Casualty's Interrogatory 33**

Before the Motion to Compel was filed in this action, AERAS repeatedly refused to provide a response to Interrogatory 33.[8] It contended that the interrogatory was vague, overly broad, unduly burdensome, and not calculated to lead to discoverable information. However, AERAS's objections were untimely, and it has failed to provide sufficient information upon which its objections could be sustained. In fact, the only information that AERAS asserts is its unsupported statement that the interrogatory is "not limited in scope or time." This is simply insufficient to establish that the interrogatory is vague, overly broad, or unduly burdensome. See Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 167 (D. Conn. 2005)(citations omitted). Moreover, the interrogatory seeks relevant, discoverable information that has bearing on the central issue of how AERAS compensated its employees, workers, subcontractors, and how that information compares with the

---

[8]See Exhibits G, H, and I to Doc. 22; see also Doc. 22, pp. 33.

9

manner in which AERAS compensated the physicians that it alleges are independent contractors. See Martin v. Lawrence County, 628 So. 2d 652, 654 (Ala. Civ. App. 1993)(the method by which an individual receives payment for his services is a key factor in determining whether an employer-employee relationship for the purposes of workers' compensation).

In its Response, AERAS purports to now respond to the interrogatory by referencing 275 documents from which Continental Casualty could form an opinion regarding the pension, bonuses, vacation, and/or sick pay available to AERAS's workers, employees, subcontractors, and independent contractors. [Doc. 24, p. 5 of 9]. Federal Rule of Civil Procedure 33(d) permits reference to documents, but only if those documents referenced contain the information requested and the information can be "derived" from the documents. Here, the requested information is not contained in the documents provided. The documents require Continental Casualty to make inferences and presumptions about what the facts mean. The specific interrogatory here requests that AERAS "identify and specifically describe all pension, bonuses, vacation, and/or sick pay available to AERAS's workers, employees, subcontractors, and independent contractors." The referenced documents do not answer this specific question. Therefore, production of documents is insufficient and Continental Casualty is entitled to a written, sworn response to the interrogatory.

Because the interrogatory seeks relevant information to which no timely, applicable objection was asserted, AERAS should be compelled to provide a *full, complete, and sworn* response to the interrogatory through supplementation of its previous Responses to Interrogatories.

**Continental Casualty's Interrogatories 34, 35, and 36**

As with its previous objections to the interrogatories, AERAS asserts that this Court should overlook the untimeliness of its objections. However, in addition to its objections being untimely,

10

AERAS has provided insufficient evidence upon which its objections that these interrogatories are unduly burdensome, vague, and overly broad could be sustained.[9]  AERAS contends that the interrogatories are not limited in scope or time, but provides no evidence demonstrating that the interrogatories are overly broad or unduly burdensome.  Moreover, the only statement that AERAS makes to assert that the interrogatories are vague is its conclusion that "Interrogatory 36 is clearly vague in that it asks how Defendant reports income to the IRS."

Interrogatories 34 and 35 seek "yes" or "no" responses and, thus, it is unclear how requiring AERAS to provide a sworn response to the questions would be unduly burdensome, overly broad, or vague, and AERAS provides no evidence clarifying this issue.  In fact, AERAS attempts to answer the interrogatories in the same manner in which it answered previous interrogatories – by referring Continental Casualty and this Court to review a number of documents.  The Federal Rules of Civil Procedure place an affirmative duty on AERAS to provide a sworn response to these interrogatories and it should be made to do so.  Continental Casualty is entitled to a response to the interrogatories as they seek relevant information to which no timely or appropriate objection has been asserted.

Moreover, with respect to Interrogatory 36, AERAS simply contends that the interrogatory is "clearly vague," yet cites this Court to documents that it has produced.  Continental Casualty maintains that production of documents is not an appropriate interrogatory response if the review of the documents requires the reviewing party to make a conclusion about the documents or to infer

---

[9]Although AERAS initially objected to these interrogatories on the basis that they sought information not calculated to lead to discoverable information, AERAS appears to have now withdrawn that objection as it is not addressed in AERAS's Response to the Motion to Compel. Should AERAS reassert its objection to Interrogatories 34, 35, and 36 on this basis, Continental Casualty would direct the Court to its discussion of the relevancy of such information that is included on page 13 of the Motion to Compel.  [Doc. 22, p. 13].

a fact that is not clearly and unequivocally stated. Rather, the production of documents is an appropriate interrogatory response if, and only if, the response to the interrogatory is contained in the documents produced. Such is not the case here. AERAS would require Continental Casualty to review the documents and draw its own conclusions as to "how AERAS reports the income of its workers, employees, subcontractors, and independent contractors." The burden is not on Continental Casualty to guess or opine what AERAS does – it is AERAS's obligation under the Federal Rules of Civil Procedure to affirmatively answer the interrogatory as posed. The response that AERAS provides simply states that "AERAS complies with all local, state and federal tax laws." The response is not responsive to Interrogatory 36, and Continental Casualty is entitled to a full, complete, and sworn response to this interrogatory, as well as the other interrogatories, addressed herein. Because Interrogatories 34, 35, and 36 seek relevant, discoverable information to which no timely or appropriate objection was asserted, Continental Casualty respectfully requests that the Court compel AERAS to provide full, complete, and sworn responses to these interrogatories.

### Continental Casualty's Requests for Production 17, 19, and 20

As with the interrogatories that are the subject of Continental Casualty's Motion to Compel, AERAS failed to timely assert any appropriate objection to these, and all other, requests for production. Not only does AERAS's failure to timely assert its objections constitute waiver of those objections, but AERAS also again fails to provide any evidence upon which this Court could sustain the objections that have been asserted to the request. Although AERAS repeatedly objected to these requests and contended that they are vague, overly broad, overly burdensome, and not reasonably calculated to lead to discoverable information, it has provided absolutely no evidence supporting these objections. Rather, AERAS simply contends that the request is "without question over broad."

In order to have its objections sustained, AERAS is required to demonstrate how the requests are over broad, something that it has not done here.

AERAS further contends that these requests are not likely to lead to information regarding whether AERAS's physicians are, in fact, employees for purposes of workers' compensation coverage. However, AERAS does not dispute that the requested information is the same type of information that AERAS was required to make available, and did make available, for review by Continental Casualty's auditor, Tom Dyer.[10] [See Exhibit J to Doc. 22, pp. 22, 24-25, 29]. As noted in the Motion to Compel, the requested information, along with other information provided by the insured during the audit process, was used to determine the final premium that serves as the basis of this litigation. Therefore, the requested information and documentation is entirely relevant to the issue to be decided, and should be produced.

Although AERAS refused to respond to the requests prior to the filing of the instant Motion, it now states that "much of the requested information has been produced." However, because the requests seek relevant, discoverable information to which no timely or appropriate objection was asserted, AERAS should be compelled to provide a full and complete response to the requests, including production of any responsive documents not previously produced. Continental Casualty further requests that AERAS be compelled to supplement its previous Responses to Requests for Production with a formal response regarding the documents produced.

---

[10]The information was made available for inspection and review by Continental Casualty's auditor at AERAS's office. AERAS was not required to provide, nor did it provide, photocopies of the information at that time.

13

### Continental Casualty's Request for Production 24

AERAS incorrectly states that Continental Casualty's only argument to AERAS's objections was made in regard to the untimeliness of the objections. While Continental Casualty does contend that AERAS's failure to timely assert any objection to this request constitutes waiver of the objections, Continental Casualty further contends that AERAS's objections that the request is vague, overly broad and overly burdensome are not supported by any evidence. In fact, the only information AERAS provides to support its objections is its statements that the "request is over broad in time and scope as it requests tax filings from 2000, when the policy at issue is from 2005" and that Plaintiff has "no legitimate need" for the requested documentation. Because AERAS failed to state the objections with the necessary specificity and supporting evidence, the objections should not be sustained.

AERAS further responds that it has produced "numerous tax filing documents." However, a review of those documents indicates that the only documents AERAS has produced that are responsive to the request are its 941 Employer's Quarterly Tax Returns for portions of 2005 and 2006. This is an incomplete response to the request, and AERAS should be compelled to provide a full and complete response.

Continental Casualty stands by the request as posed, and contends that the requested information may indicate AERAS's past and present treatment of the physicians as employees and/or reveal facts supporting the conclusion that the physicians were, in fact, employees for the purposes of workers' compensation insurance. However, should this Court determine that the request should be further limited in time, Continental Casualty requests that, at a minimum, it be permitted to

discover AERAS's federal and state income tax filings for the years 2005 and 2006, during which the policy at issue was in effect.

### Continental Casualty's Requests for Production 29 and 30

Not only has AERAS waived its objections by failing to timely assert same, but AERAS has also failed to provide this Court with any information or evidence upon which it could sustain the objections. AERAS objects to these requests on the basis that they are vague, overly broad, overly burdensome, and not reasonably calculated to lead to discoverable information. However, AERAS has not provided any information or evidence to establish that the requests are vague, overly broad, or overly burdensome. See Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 167 (D. Conn. 2005)(citations omitted).

AERAS further objects that the requests seek to delve into personal matters of physicians who are not parties to this action. As discussed more fully in the Motion to Compel, this Court has placed restrictions on the dissemination of any information that is deemed by AERAS to be "confidential." Thus, AERAS's objection to producing the information on this basis is inapplicable.

Although AERAS repeatedly refused to provide a response to the requests, in its Response to the Motion to Compel, AERAS states that it has produced the contracts between the physicians and AERAS and that "no other documents deemed responsive exist." However, based on the information and documents that AERAS has provided, it appears that deductions were taken from the amounts paid to the physicians. Thus, it is logical to assume that any deductions would have required some sort of written authorization by the physicians that would be maintained in the physicians' personnel files. Moreover, in recent depositions, AERAS's representatives testified that various information would be contained in the physicians' personnel files. Thus, is appears that

"personnel files" for the physicians do, in fact, exist. Accordingly, to the extent that AERAS has documents that would, in any way, be responsive to the requests for personnel files and/or applications, Continental Casualty respectfully requests that AERAS be compelled to produce the documents.

### Continental Casualty's Request for Production 32

AERAS's failure to timely assert any objections to this request constitutes waiver of the objections. Moreover, AERAS has failed to provide any support for its contention that the request is vague, overly broad, and overly burdensome. Thus, the objections asserted are inapplicable and/or provide an insufficient basis upon which they could be sustained. Because the request seeks relevant information to which no timely or appropriate objection was asserted, AERAS should be compelled to provide a full, complete, and formal response to the request.

Although AERAS refused to provide a response to this request prior to the filing of the instant Motion, in its Response AERAS states that it has responded to the request by producing documents regarding "the financial and other relationships between the hospitals and Defendant." However, a review of the documents to which AERAS cites reveals that these documents are limited to the contracts between AERAS and the various hospitals at which the physicians in question are believed to have performed services. Thus, the documents produced are not responsive to the request, which seeks copies of the invoices issued by AERAS to Baptist Hospital for emergency room services during the period of May 3, 2005 to May 3, 2006 (the policy period for the Continental Casualty policy at issue). Because the request seeks relevant information to which no timely or appropriate objection has been asserted, Continental Casualty respectfully requests that this

16

Honorable Court compel AERAS to supplement its previous Responses to Requests for Production and produce the requested information.

**E.    Conclusion.**

Based on the liberal discovery provided by the Federal Rules of Civil Procedure and AERAS's failure to timely or appropriately support any objection to the foregoing interrogatories and requests for production, Continental Casualty's Motion to Compel [Doc. 22] is due to be granted.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Continental Casualty Company respectfully requests that this Honorable Court enter an Order granting the Motion to Compel and requiring AERAS to provide full, complete, and sworn supplemental responses to the interrogatories and requests for production.

Respectfully submitted,

 /s/ Candace L. Hudson
Brenen G. Ely (0366-E54B)
Joel S. Isenberg (8855-N76J)
Candace L. Hudson (8314-N66H)
Attorneys for Plaintiff Continental Casualty Company

**OF COUNSEL:**
ELY & ISENBERG, L.L.C.
600 Beacon Parkway West, Suite 104
Birmingham, Alabama 35209
Telephone:    (205) 313-1200
Facsimile:    (205) 313-1201

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and accurate copy of the foregoing has been on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| ___X___ | E-File |

on this the 28th day of January, 2008.

                                        /s/ Candace L. Hudson
                                        OF COUNSEL

cc:    Michael Cohan
       HILL, HILL, CARTER, FRANCO,
         COLE & BLACK, P.C.
       Post Office Box 116
       Montgomery, AL 36101

18