IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CONTINENTAL CASUALTY COMPANY,** § § | |
| Plaintiff, § § | |
| § | CIVIL ACTION NO.: |
| vs. § § | 2:07-CV-221-WHA |
| § | |
| **ALABAMA EMERGENCY ROOM** § | |
| **ADMINISTRATIVE SERVICES, P.C.,** § § | |
| Defendant. § | |

**RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

COMES NOW Plaintiff Continental Casualty Company ("Continental Casualty") and, in response to Defendant's Motion to Strike Plaintiff's Motion for Findings of Fact and Entry of Judgment, states as follows:

1.  Defendant's Motion to Strike is due to be denied because the relief sought in Continental Casualty's Motion for Findings of Fact and Entry of Judgment is permissible and appropriate under the Federal Rules of Civil Procedure.

2.  Federal Rule of Civil Procedure 52 specifically provides that

    > . . . In an action tried on the facts without a jury . . . the court must find the facts specially and state its conclusions of law separately. The findings and conclusions . . . may appear in an opinion or a memorandum of decision filed by the court.

Fed. R. Civ. P. 52(a)(1).

3.  Continental Casualty's Motion for Findings of Fact and Entry of Judgment is a motion for relief that requests that this Honorable Court review the facts and evidence submitted,

and enter specific findings of fact and liability based upon that evidence in accordance with Federal Rule of Civil Procedure 52.

4. Rather than cite this Court to any procedural rule or federal case law upon which its motion could be granted, AERAS's Motion to Strike is centered on Continental Casualty's reservation that, in the event of judgment in its favor, the Court permit Continental Casualty leave to present evidence regarding additional, incidental damages to which it may be entitled.

5. Despite AERAS's contention that Continental Casualty's request for leave is inappropriate, both the Federal Rules of Civil Procedure and the controlling law demonstrate that the amount of incidental damages cannot be accurately assessed until such time as judgment is entered in this breach-of-contract action. Accordingly, Continental Casualty's reservation that it be permitted to present evidence *in the event that judgment is entered in its favor* is appropriate and warranted.

6. Federal Rule of Civil Procedure 54(d) specifically provides that a party's right to seek an award of costs or attorney's fees does not vest until judgment is entered. (Costs are awarded to the prevailing party, and a request for attorney's fees must be made through a motion that is filed no later than 14 days *after* the entry of judgment. See Fed. R. Civ. P. 54(d)(1)-(2)(B)).

7. Moreover, this Court cannot ascertain the actual dollar amount of prejudgment interest until such time as *judgment is entered*.

8. The award of prejudgment interest is provided by Section 8-8-8 of the Alabama Code, which provides that "[a]ll contracts, express or implied, for the payment of money. . . bear interest from the day such money . . . should have been paid." Ala. Code § 8-8-8 (1975). To award prejudgment interest in this case, the Court must conclude that (1) the amount due under the contract

is certain; (2) the time when the amount became due is certain; and (3) the amount due and the time of payment is known to the debtor. See Jernigan v. Happoldt, 978 So. 2d 764, 767 (Ala. Civ. App. 2007)(quoting Wood v. Central Bank of the South, 435 So. 2d 1287 (Ala. Civ. App. 1982)(further quotations omitted)).

9. The Alabama Supreme Court has recognized that "'[i]n general, there is a statutory right to interest on the amount payable under any type of insurance policy.'" Continental Cas. Co. v. Plantation Pipe Line Co., 902 So. 2d 36, 46 (Ala. 2004)(quoting LeFevre v. Westberry, 590 So. 2d 154, 163 (Ala. 1991)(citing, in turn, § 8-8-8, Ala. Code 1975, and Thomas v. Liberty Nat'l Life Ins. Co., 368 So. 2d 254 (Ala. 1979)). This right has been specifically recognized in those situations in which the courts consider amounts payable to the insured under a policy. However, it also extends to amounts payable to the insurer under the policy because it is founded upon Alabama Code Section 8-8-8, which is a statutory right conferred with respect to all contracts.

10. Because the premiums due under the contract are specific and became payable when billed to AERAS in 2005, an award of prejudgment interest is appropriate. However, this Court cannot accurately assess the actual prejudgment interest to be awarded until such time as judgment is entered. Accordingly, Continental Casualty reserved its right to seek a calculation of prejudgment interest following the entry of judgment in Continental Casualty's favor.

11. Similarly, until briefing is complete and judgment is entered in this matter regarding AERAS's liability, Continental Casualty cannot accurately represent to this Court the extent of the attorney fees expended to recover the outstanding premium that Defendant owes under the policy. As a result, Continental Casualty simply reserved its right to present evidence regarding the attorney fees and costs incurred by Continental Casualty in obtaining judgment.

12. The submission of evidence regarding the attorney's fees and costs does not affect the Court's ability to determine liability on this breach-of-contract action – it only affects the ability of the Court to assess the ***total amount*** of damages to be awarded. While the outstanding premium is a sum certain, the award of incidental damages is dependent upon the conclusion of the briefing cycle. Accordingly, Continental Casualty's request for leave to present evidence of these additional, incidental damages is appropriate and clearly envisioned by the Federal Rules of Civil Procedure and the controlling Alabama law.

13. Therefore, AERAS's argument that Continental Casualty's Motion for Findings of Fact and Entry of Judgment is not supported by the Federal Rules or the controlling law, and is due to be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Continental Casualty Company respectfully requests that this Honorable Court DENY Defendant's Motion to Strike.

        Respectfully submitted,

        /s/ Candace L. Hudson
        Brenen G. Ely (0366-E54B)
        Joel S. Isenberg (8855-N76J)
        Candace L. Hudson (8314-N66H)
        Attorneys for Plaintiff Continental Casualty Company

**OF COUNSEL:**
ELY & ISENBERG, L.L.C.
The Mountain Brook Center
2700 Highway 280 East, Suite 110
Birmingham, Alabama 35223
Telephone:   (205) 313-1200
Facsimile:   (205) 313-1201

## CERTIFICATE OF SERVICE

  I do hereby certify that a true and accurate copy of the foregoing has been on all parties of record by:

|  |  |
|---|---|
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| __X__ | E-File |

on this the 22nd day of August, 2008.

                /s/ Candace L. Hudson
                OF COUNSEL

cc: Michael Cohan
   HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
   Post Office Box 116
   Montgomery, AL 36101